**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
-----------------------------------------------------------------------X
MICHAEL HLADIS, individually and on behalf of
other persons similarly situated,

                    Plaintiff,

    -against-

RDA WIRELESS INC., D.R. WIRELESS, INC.,
AWS KHAMIS, and DANNY MANSOUR,

                    Defendants.
-----------------------------------------------------------------------X

Civil Action No.:

**FLSA Collective Action**

**Demand for Jury Trial**

## COMPLAINT

The Plaintiff, MICHAEL HLADIS (hereinafter "Plaintiff"), as and for his Complaint against the Defendants, RDA WIRELESS INC., D.R. WIRELESS, INC., AWS KHAMIS, and DANNY MANSOUR (hereinafter "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid overtime compensation, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiff's claim for unpaid commissions under 29 U.S.C. § 1367, as it is so related to Plaintiff's FLSA claim that it forms part of the same case or controversy under Article II of the United States Constitution.

4. Venue is appropriate in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial District.

## PARTIES

5. Plaintiff was employed and paid by Defendant RDA Wireless Inc., from around March 2023 to March 2024 ("RDA Wireless").

6. Plaintiff was employed and paid by Defendant D.R. Wireless Inc. ("D.R. Wireless") from around April 2024 to June 2024.

7. Plaintiff is a covered employee within the meaning of the FLSA.

8. Defendant RDA Wireless is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of Michigan.

9. At all relevant times, Defendant RDA Wireless operated a Verizon franchise located at 15431 Beck Rd, Northville, MI 48168.

10. At all relevant times, Defendant D.R. Wireless operated a Verizon franchise located at 36619 Ford Rd, Westland, MI 48185.

11. Upon information and belief, the gross annual volume of sales made or business done by Defendant RDA Wireless and D.R. Wireless at all relevant times was not less than $500,000.00, respectively.

12. At all relevant times, Defendant RDA Wireless maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

13. At all relevant times, Defendant D.R. Wireless maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

14. Defendant Aws Khamis (hereinafter "Defendant Khamis") is an adult individual.

15. Defendant Khamis was an owner of Defendant RDA Wireless.

16. At all relevant times, Defendant Khamis has been an employer under the FLSA.

17. Defendant Khamis had the power to hire and fire employees of Defendant RDA Wireless. For example, Defendant Khamis hired Plaintiff at Defendant RDA Wireless.

18. Defendant Khamis determined Plaintiff's rate of pay and schedule during his employment with Defendant RDA Wireless.

19. Defendant Danny Mansour (hereinafter "Defendant Mansour") is an adult individual.

20. Defendant Mansour was an owner of Defendant RDA Wireless and D.R. Wireless.

21. At all relevant times, Defendant Mansour has been an employer under the FLSA.

22. Defendant Mansour had the power to hire and fire employees of Defendant D.R. Wireless. For example, Defendant Mansour hired Plaintiff at Defendant D.R. Wireless.

23. Defendant Mansour determined Plaintiff's rate of pay during his employment with Defendant D.R. Wireless.

24. Upon information and belief, Defendant RDA Wireless Inc and D.R. Wireless operated as a joint employer and/or single employer and/or integrated enterprise.

25. Employees who worked for Defendant RDA Wireless also worked at 15431 Beck Rd, Northville, MI 48168 also worked for Defendant D.R. Wireless at 36619 Ford Rd, Westland, MI 48185.

## **FACTS**

26. Plaintiff's consent to sue form is attached hereto as Exhibit 1.

4

27. Plaintiff was employed and paid by Defendant RDA Wireless from around March 2023 to March 2024.

28. Plaintiff was employed and paid by Defendant D.R. Wireless Inc. from around April 2024 to June 2024.

29. Defendants paid Plaintiff on a bi-monthly basis.

30. For both companies, Plaintiff was employed as a sales associate. His job duties included selling Verizon phones and plans and providing customer service.

31. Plaintiff generally worked for about fifty-two (52) hours per week during his employment with both RDA Wireless and D.R. Wireless.

32. Specifically, Plaintiff generally worked from about 9:30 a.m. to 8:00 p.m. or 9 p.m. mostly without breaks, five days per week.

33. Moreover, Defendant RDA Wireless set a workweek of Sunday to Saturday. *See* 29 C.F.R. § 778.105. Given that Plaintiff occasionally also worked at D.R. Wireless while employed and paid by RDA Wireless, D.R. Wireless had the same workweek of Sunday to Saturday.

34. Defendant RDA Wireless paid Plaintiff $14 per hour.

35. Defendant RDA Wireless paid Plaintiff for hours worked in excess of forty (40) per week at a straight time rate in cash.

5

36. For example, in the pay period from December 16, 2023 to December 31, 2023, Defendant RDA Wireless paid Plaintiff on a paystub for 77.02 hours at $14 per hour where Plaintiff's punch records show Plaintiff logging 77 hours and 1 minute, or 77.0166 hours, in that pay period.

37. However, in the workweek from Sunday, December 17, 2023 to Saturday, December 23, 2023, Plaintiff's punch records show Plaintiff logging 48 hours and 10 minutes, or 8 hours and 10 minutes of overtime. Plaintiff was paid straight time for these overtime hours.

38. To provide additional background, in the pay period from April 1, 2023 to April 15, 2023, Defendant RDA Wireless paid Plaintiff on a paystub for only 79.12 hours despite that Plaintiff the employee payroll report for that period showed Plaintiff logging 116.28 hours.

39. Further, in the pay period from July 16, 2023 to July 31, 2023, Defendant RDA Wireless paid Plaintiff on a paystub for only 79 hours despite that the employee payroll report for that period showed Plaintiff logging 112.32 hours.

40. D.R. Wireless also paid Plaintiff only straight time for overtime but paid it on Plaintiff's paystubs.

41. For example, in the week from Sunday, May 5, 2024, to Saturday, May 11, 2024, punch records show that Plaintiff worked 54 hours and 2 minutes.

6

42. Given that the workweek was Sunday to Saturday, *see* 29 C.F.R. § 778.105, Plaintiff was owed 14 hours and 2 minutes of overtime for that workweek, or 14.033 hours. However, in the pay period from May 1, 2024 to May 15, 2024, Defendant D.R. Wireless only paid Plaintiff straight time hours.

43. In the pay period from May 1, 2024 to May 15, 2024, Plaintiff was owed at least $1,410.03, or 93.7 hours multiplied by $14 per hour; and an additional 14.033 hours multiplied by $14 per hour multiplied by an extra .5 for overtime. However, Defendant D.R. Wireless paid Plaintiff for 99.7 hours at $14 per hour straight time rate, for a total of $1,395.80.

44. Defendants failed to pay Plaintiff for breaks that were shorter than 20 minutes and unlawfully deducted those breaks from Plaintiff's hours worked. *See* 29 C.F.R. §§ 785.18; 785.19.

45. In addition to an hourly wage, Defendants paid Plaintiff 3.5% of gross profit for the sale of a phone and 10% of the gross profit of accessories.

46. Defendants did not pay Plaintiff any extra money on these percentages when Plaintiff worked more than forty (40) hours per workweek. *See* 29 C.F.R. § 778.109 ("The regular hourly rate of pay…is determined by dividing…total remuneration…in any workweek by the total number of hours actually worked…").

7

47. During his employment, Plaintiff was not paid the lawfully required rate of one and one-half times his regular rate of pay for hours worked over forty (40) each workweek.

48. During his employment, Plaintiff was not exempt from the overtime provisions of the FLSA. Specifically, Plaintiff was not exempt under Section 7(i) of the FLSA, as more than half of his total earnings in a representative period did not consist of commissions.

49. Defendant knowingly committed the foregoing acts against the Plaintiff and FLSA Collective Members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following Collective:

> All non-exempt sales associates employed by Defendants from three years prior to the filing of this complaint through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.[1]

51. At all relevant times, Plaintiff was similarly situated to all such individuals in the Collective because, while employed by Defendants, Plaintiff and all Collective Members performed similar tasks, were subject to the same laws and

---

[1] Hereinafter referred to as the "Collective," "FLSA Collective," "FLSA Collective Members," or "Collective Members."

regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendants' policies and practices of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

52. Defendants are and have been aware of the requirement to pay Plaintiff and the Collective Members at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully chose not to.

53. The Collective Members are readily discernable and ascertainable. All Collective Members' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

54. The number of Collective Members in the Collective are too numerous to join in a single action, necessitating collective recognition.

55. All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendants' failure to pay statutorily required rate of one and a half (1½) times the Collective Members' hourly rate for all hours worked in excess of forty (40) per

workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of Collective Members.

56. Plaintiff will fairly and adequately represent the interests of the Collective and has no interests conflicting with the Collective.

57. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

58. Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

59. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Collective Members creates a risk for varying results based on identical fact patterns as well as disposition of the Collective' interests without their knowledge or contribution.

60. The questions of law and fact are nearly identical for all Collective Members and therefore proceeding as s collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed Collective, Defendants' continued violations of the FLSA will undoubtedly continue.

# CAUSES OF ACTION

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ*.
**Made by Plaintiff on Behalf of All Collective Members Against All Defendants (Failure To Pay Overtime Wages)**

61. Plaintiff and the Collective Members allege, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

62. Throughout the period covered by the applicable statute of limitations, Plaintiff and other Collective Members were required to work and did in fact work in excess of forty (40) hours per workweek.

63. Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and Collective Members the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek, including for breaks lasting less than 20 minutes.

64. Defendants' conduct was willful and lasted for the duration of the relevant time period.

65. Defendants' conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

66. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II
### BREACH OF CONTRACT
### Made by Plaintiff Against All Defendants
### (Failure To Pay Commissions)

67. Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

68. Defendant D.R. Wireless and Danny Mansour agreed to pay Plaintiff commissions of 3.5% of gross profit for the sale of a phone and 10% of the gross profit for the sale of accessories, which were earned as of the date Plaintiff made the sale.

69. Plaintiff made sales of phones and accessories that entitled Plaintiff to $1,750.31 in commissions that are still outstanding.

70. Defendant D.R. Wireless and Danny Mansour were "principals" and Plaintiff was a "sales representative" within the meaning of the Michigan Sales and Representative Commission Act, MCL § 600.2961.

71. As a result, Defendant D.R. Wireless and Danny Mansour are liable for (1) the actual amount of damages cause by Defendant D.R. Wireless's and Danny Mansour's failure to pay commissions when due; and (2) an amount equal to two

12

times the amount of commissions due or $100,000, whichever is less, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective Members demand judgment against Defendants, jointly and severally as follows:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collectives, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

C. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

D. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

E.  A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*;

F.  All damages which Plaintiff and all Collective Members have sustained as a result of Defendants' conduct, including: back pay for unpaid overtime wages, liquidated damages, and penalties;

G.  All damages which Plaintiff has individually sustained as a result of Defendants' conduct, including: back pay for unpaid overtime wages, liquidated damages, penalties, and unpaid commissions;

H.  An award to Plaintiff and Collective Members of costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

I.  Pre-judgment and post-judgment interest, as provided by law; and

J.  An award of all costs and attorneys' fees incurred in prosecuting this action, liquidated damages under the FLSA and the NYLL, and statutory penalties under the NYLL; and

K.  Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: May 31, 2025
       Southfield, Michigan

                         Respectfully submitted,

**HARDING MAZZOTTI, LLP**

*/s/ Kelly A. Magnuson*

Kelly A. Magnuson, Esq. (Bar ID: 3816185)
*Attorneys for Plaintiff*
2000 Town Center Suite 1900
Southfield, MI 48075
Tel.: (518) 556-3402
Email: Kelly.Magnuson@1800law1010.com

TO:   RDA WIRELESS INC.
       15431 Beck Rd
       Northville, MI 48168

       D.R. WIRELESS INC.
       36619 Ford Rd
       Westland, MI 48185

15